```
                     UNITED STATES DISTRICT COURT
                     EASTERN DISTRICT OF LOUISIANA
```

GRAYLING VITAL                  *         CIVIL ACTION

VERSUS                          *         NO: 06-7526

COASTAL CATERING, LLC, ET AL    *         SECTION: "D"(3)

## ORDER AND REASONS

Before the court are the following motions:

(1) **"Motion in Limine to Exclude the Testimony of Shael Wolfson" (Doc. No. 53)** filed by Defendant, Coastal Catering, LLC. (Coastal);

(2) **"Motion in Limine to Exclude the Testimony of Robert Borison" (Doc. No. 55)** filed by Coastal; and

(3) **"Motion to Exclude and/or Limit the Opinions and Testimony of Robert E. Borison" (Doc. No. 61)** filed by Defendants, Southern States Offshore L.L.C., Coastwide Marine Contractors, L.L.C. and 3-L Leasing, L.L.C. (SOS, Coastwide, and 3-L).

Plaintiff, Grayling Vital, filed memoranda in opposition. The motions, set for hearing on Wednesday, December 5, 2007, is before

the court on briefs, without oral argument.  Having considered the memoranda of counsel, the record, and the applicable law, the court rules as follows.

### Re: Shael Wolfson (Plaintiff's economist)

The court **DENIES** Coastal's **"Motion in Limine to Exclude the Testimony of Shael Wolfson" (Doc. No. 53)**.  The concerns raised by Coastal concerning Mr. Wolfson's economic testimony can be adequately addressed in cross-examination.

### Re: Robert Borison (Plaintiff's marine industry expert)

The **GRANTS** Coastal's **"Motion in Limine to Exclude the Testimony of Robert Borison" (Doc. No. 55)**, because no expert testimony is needed on the issue of whether Plaintiff was properly trained to carry objects up or down a stairway on a vessel.  The jury, unassisted by testimony from an "expert," is capable of deciding such an issue based on the jury members' commonsense and experience.

The court **DENIES** the **Motion (Doc. No. 61)** filed by Defendants SOS, Coastwide, and 3-L, to the extent that these Defendants seek to completely exclude the testimony of Mr. Borison.  However, the court **GRANTS** the **Motion (Doc. No. 61)** to the extent that these Defendants seek to limit Mr. Borison's testimony.  The court will allow Mr. Borison to testify regarding his inspection of the M/V

MR. BOB and his measurements of the subject stairs, landing (and issues pertaining thereto), but the court will not allow Mr. Borison to give his conclusions regarding the negligence *vel non* of any party or the unseaworthiness of the M/V MR. BOB.  The determination of fault is the province of the jury based of the facts presented to them.

Further, the court will not allow Mr. Borison to testify regarding the applicability of OSHA regulations in general or the applicability of any specific OSHA regulation.  The applicability of OSHA regulations is reserved for the court.

New Orleans, Louisiana, this **7th** day of **December, 2007.**

_____
A.J. McNAMARA
UNITED STATES DISTRICT JUDGE

3