```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

GRAYLING VITAL                    *         CIVIL ACTION

VERSUS                            *         NO: 06-7526

COASTAL CATERING, LLC, ET AL      *         SECTION: "D"(3)
```

## ORDER AND REASONS

Before the court are the following documents filed by Plaintiff, Grayling Vital:

(1) **"Plaintiff's Motion to Exclude Defendants' Use of Demonstration Video by Defendants' Expert, John Leary" (Doc. No. 101);** and

(2) **"Plaintiff's Motion to Exclude Defendants' Use of Plaintiff's Alleged Arrests and Convictions as Evidence at Trial" (Doc. No. 102).**

With regard to the **"Plaintiff's Motion to Exclude Defendants' Use of Demonstration Video by Defendants' Expert, John Leary (Doc. No. 101),** the issue contained therein was raised in the Pre-Trial Order through Plaintiff's Objection to Videotape exhibit of Defendants' SSO, Coastwide and 3-L. (*See* PTO, page 17, §10(c)).

At the Pre-Trial Conference, the court sustained Plaintiff's Objection but stated that Defendants might be able to splice video to show an individual simply opening the door to the vessel in an attempt to show adequate landing space.  (*See* Order and Reasons, Doc. No. 92, p. 2).  Defendants have now submitted to the court (and Plaintiff's counsel) a copy of the spliced video, which the court has viewed.  The court will allow Defendants to introduce this spliced video into evidence, because the court finds that it is relevant and its probative value is not substantially outweighed by the danger of undue prejudice, confusion of the issues, or misleading the jury.  (Fed. R. Evid. 402 & 403).

Accordingly, the court **DENIES** Plaintiff's **Motion to Exclude Defendants' Use of Demonstration Video by Defendants' Expert, John Leary (Doc. No. 101)**, and the court will allow Defendants to introduce the *spliced* video.

With regard to the Plaintiff's **Motion in Limine to Exclude Defendants' Use of Plaintiff's Alleged Arrests and Convictions as Evidence at Trial (Doc. No. 102)**, the court has been advised by Defendants' counsel that Plaintiff's alleged arrests and/or convictions are for misdemeanors, and thus Defendants will not seek to introduce any evidence concerning those alleged arrests and/or convictions.

Accordingly, the court **DENIES AS MOOT** Plaintiff's **Motion in Limine to Exclude Defendants' Use of Plaintiff's Alleged Arrests and Convictions as Evidence at Trial (Doc. No. 102).**

New Orleans, Louisiana, this **13th** day of **December, 2007.**

_____
A.J. McNAMARA
UNITED STATES DISTRICT JUDGE

3